# United States Court of Appeals
## For the First Circuit

_____

No. 23-1978

MARY SEGUIN,

Plaintiff - Appellant,

v.

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES, in its official capacity; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES, in its official capacity; GERO MEYERSIEK, in his individual and official capacity,

Defendants - Appellees,

MICHAEL D. COLEMAN, in his individual and official capacity; DEBORAH A. BARCLAY, in her individual and official capacity; LISA PINSONEAULT, in her individual and official capacity; CARL BEAUREGARD, in his individual and official capacity; KEVIN TIGHE; MONIQUE BONIN; WENDY A. FOBERT; KARLA CABALLEROS; TIMOTHY FLYNN; RHODE ISLAND COURT SYSTEM; PAUL A. SUTTELL, in his individual and official capacity as Executive Head of Rhode Island State Court System; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT; RHODE ISLAND JUDICIAL COUNCIL; RI SUPERIOR COURT; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL; THE JUDICIAL TECHNOLOGY CENTER; JULIE PATALANO HAMIL; FRANK DIBIASE; MARISA P. BROWN; JOHN JOSEPH BAXTER, JR.; JUSTIN CORREA; RHODE ISLAND ATTORNEY GENERAL'S OFFICE; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT; ADAM D. ROACH; PETER F. NERONHA; TYLER TECHNOLOGIES, INC.,

Defendants.

_____

**ORDER OF COURT**

Entered: February 16, 2024
Pursuant to 1st Cir. R. 27.0(d)

On November 20, 2023, plaintiff-appellant Mary Seguin filed a pro se notice of appeal (D. Ct. Dkt. #38) in civil case no. 1:23-cv-00126-WES (D. RI.), seeking to challenge the district court's electronic order also entered November 20, 2023. That order stated that because of plaintiff's appeal (No 23-1967) the district court had limited jurisdiction and would resolve three pending motions filed on November 17, 2023 "when Plaintiff's appeal is resolved." Upon review of the

record, it appears that a February 1, 2024 order did resolve the November 17, 2023 motions by denying them, so this appeal may be moot.  Therefore, it appears that there is no relief that this Court could grant to appellant.  See, e.g., Am. Inst. for Foreign Study, Inc. v. Fernandez-Jimenez, 6 F.4th 120, 123 (1st Cir. 2021) ("we would be unable to grant [party] any relief even if we ruled in his favor. Thus, his claim is moot."); Oakville Dev. Corp. v. FDIC, 986 F.2d 611, 613 (1st Cir. 1993) ("It is well established that, in circumstances where a court cannot provide effectual relief, no justiciable case remains and the court must dismiss the appeal as moot.").

The appellant is ordered to move for voluntary dismissal of the appeal pursuant to Fed. R. App. P. 42(b), or to show cause, in writing, why this appeal should not be dismissed for lack of jurisdiction.  The failure to take action by **March 1, 2024**, will lead to dismissal of the appeal for lack of diligent prosecution.  1st Cir. R. 3.0(b).

By the Court:

Maria R. Hamilton, Clerk

cc:
Joanna M. Achille
Mary Seguin
Marissa D. Pizana